DETERMINED IN THE

# FOURTH DEPARTMENT

AT

# GENERAL TERM,

## June, 1876.

---

MARY PENDERGAST HOOK, APPELLANT, *v.* DANIEL
PRATT, PATRICK LYNCH AND WILLIAM T. HAMIL-
TON, EXECUTORS OF, ETC., OF JAMES P. HASKIN, DECEASED,
AND OTHERS, RESPONDENTS.

*Portions of will revoked by codicil fraudulently procured, and destroyed — Supreme
Court has power to establish and restore the portion destroyed — Surrogate's Court,
no such power.*

A complaint alleged the fraudulent destruction, during the life-time of the testator,
of certain clauses in his will, and prayed, among other things, that such clauses
be restored and established as part of said will, setting forth such clauses and
the beneficial interest thereunder of the plaintiff, who was neither heir at law
or next of kin to the testator.

*Held*, not demurrable on the ground that it did not state facts sufficient to consti-
tute a cause of action.

That the Surrogate's Court had no power to grant the relief; it could only grant
letters of probate on a perfected will, but had no jurisdiction to establish a lost
or destroyed will.

That, although the statute (title 1, chap. 6, 3 R. S.) refers to a "lost or destroyed
will," it should have a liberal construction in furtherance of justice, and for
the prevention of fraud; and the fraudulent destruction of a single item or
clause, or distinct portion or provision of a will, must be considered as the
destruction of a will by design, under section 63, or fraudulent under section
67, if such destruction affects the disposition of the property of the testator in
any essential particular.

That the court, under the provisions of the statute aforesaid,. have ample power, upon due proof of the allegations of the plaintiff's complaint, to restore the destroyed or suppressed portions of the will, and establish the same as it stood before the making of the codicil alleged to have been fraudulently procured; and the probate of such codicil allowed or made by the surrogate did not preclude such investigation and decision, or bind or affect the plaintiff upon such question in the prosecution of her action.

APPEAL from an order made at Special Term, sustaining a demurrer to a complaint, on the ground that it did not state facts sufficient to constitute a cause of action, and from the judgment entered thereon in favor of the defendants.

James P. Haskin, of the city of Syracuse, died on or about January 30, 1873, possessed of a large real and personal estate, leaving a will dated January 16, 1871, and a codicil thereto dated April 5, 1872, which latter was in these words: "I, James P. Haskin, of the city of Syracuse, N. Y., do make this codicil to my last will as follows, viz.: Desiring to cancel and revoke the bequests made in the eleventh (11), twelfth (12) and thirteenth (13) items of my last will and testament, which was made, executed and published the 16th day of January, 1871, I have detached said items from said will and destroyed them.

In witness whereof I have hereunto set my hand and seal this 5th day of April, 1872.

[L. S.]      J. P. HASKIN."

The said will (without said 11th, 12th and 13th clauses) and the codicil were admitted to probate by the surrogate of Onondaga county, on the 24th day of February, 1873, and letters testamentary were duly issued to the defendants Daniel Pratt, Patrick Lynch and William T. Hamilton, named as executors in .said will, who thereupon duly qualified and entered upon the discharge of their duties as such executors, and continued to act as such executors at the time of the commencement of this action.

The plaintiff alleged in her complaint that she was neither an heir at law or next of kin to the said James P. Haskin, deceased, and that said previous probate of said will and pretended codicil was had without any notice to, or citation of the plaintiff, who was a legatee under the will of the said James P. Haskin, deceased,

prior to the said pretended codicil, which purports to expunge clauses eleventh, twelfth and thirteenth of said will, as it stood at the date of said pretended codicil, and that the plaintiff had no knowledge of said probate nor of the issuing of said letters testamentary, until long after the said probate had been had, and the said letters testamentary had been issued by the said surrogate as aforesaid.

She further alleged, upon information and belief, that by the clauses of said will, which purport to have been expunged by the said pretended codicil, the following legacies were given and bequeathed by the said testator to the following persons:

By the said eleventh clause the sum of $100,000 was given and bequeathed to Charles H., son of this plaintiff, whose name was at the time of the said bequest Mary Pendergast, upon certain conditions, and if the conditions were not complied with, the said Charles H., son of the plaintiff, and James P. Haskin, the testator, was to receive under and by said will the sum of $50,000 at his majority. Also, if the plaintiff, the mother, should resign control of her said son Charles H., as provided in the will, she was to receive, by the said eleventh clause of said will, the sum of $1,200 per year during his minority, and also the sum of $20,000 at his majority; and the plaintiff averred that she ever has been and still was ready and willing to resign the control of her said son Charles H., etc.

By the said twelfth clause the sum of $800 per year during her life was given and bequeathed to Mrs. Rust, the sister of the plaintiff.

By the said thirteenth clause the sum of $300 per year during her life was given and bequeathed to Mrs. Pendergast, the mother of the plaintiff, and grandmother of the said Charles H., son of the plaintiff and the testator, James P. Haskin, deceased.

That said pretended codicil was not made, signed, published or declared on the day it bears date, but at a much later period, to wit: On or about the first day of September, 1872; and was procured to be dated back by the fraud, constraint and undue influence, practiced upon the said testator, by William T. Hamilton, Frances Maria Hamilton and Eliza Cossitt Lawrence, and each of them, and other persons acting in their interest and on their behalf, they and each of them well knowing that at the time the said testator,

James P. Haskin, was totally unsound in mind and incapable of making a will or codicil.

The plaintiff further alleged that the said James P. Haskin, deceased, became acquainted with the plaintiff when she was a girl only eleven years of age, and from that time forward met her often; and before this plaintiff became sixteen years old the said James P. Haskin, deceased, had, by his enticements and allurements, compassed her virtue; and from that hour down to the time of the marriage of this plaintiff, this plaintiff had been unto the said James P. Haskin, now deceased, all that a wife could be, or be expected to be, unto a husband; and that the plaintiff, during this intimacy, had borne unto him three living children, all of whom were dead at the time of, and for a long time prior to, the decease of the said James P. Haskin, except the said Charles H., who was and still is living with this plaintiff; and since the marriage of this plaintiff, the said James P. Haskin, while living and able to visit them at their home in Rochester, did not cease his kind attention, etc. That subsequent to the plaintiff's said marriage, the said James P. Haskin, with full knowledge of the same, and to do justice to the plaintiff and her said son Charles H., as well as to the mother and sister of this plaintiff, to whom he was under many obligations, made his last will and testament; after serious opposition from said William T. Hamilton, Frances Maria Hamilton and Eliza Cossitt Lawrence, and in the said eleventh, twelfth and thirteenth clauses of said will, the said testator provided generously for the plaintiff and her said son Charles H., and also for this plaintiff's mother and sister, in spite of the aforesaid opposition. That during the interval between the date of said will and the date of the said pretended codicil, while the mind and body of the said James P. Haskin, deceased, were gradually growing weak and feeble from disease, suffering and trouble, the said testator was almost continuously besought, threatened and coerced by the said William T. Hamilton, Frances Maria Hamilton and Eliza Cossitt Lawrence, and each of them, who well knew the relations that existed between this plaintiff and the said testator, that he should change his said will, and cut off the bequests to this plaintiff and her family; but that the said testator resisted such threats and importunities until finally, when he could bear up no longer, his will was overpowered, and he yielded his

own to the wishes of said William T. Hamilton, Frances Maria Hamilton and Eliza Cossitt Lawrence. That the said eleventh, twelfth and thirteenth clauses of said will, which, by the said pretended codicil, purport to have been expunged, detached and destroyed, by the said testator, James P. Haskin, deceased, were not in fact so detached and destroyed, by him the said testator, but as the plaintiff was informed and believes true, were actually in existence subsequent to the death of the said testator, whose death was occasioned by his own insane suicidal act, and were in the possession of the said William T. Hamilton, Daniel Pratt and Patrick Lynch, one or all of them, and that the said clauses of said will are still in existence in their possession or under their control; and she demanded judgment and the decree of this court, that the said pretended codicil to the will of the said James P. Haskin, deceased, be declared null and void, and the probate thereof be set aside, and the letters testamentary issued thereon be revoked and canceled, and that the said eleventh, twelfth and thirteenth clauses of said will be restored and established as a part of the said last will and testament of the said James P. Haskin, deceased; and that the said pretended codicil be decreed never to have been legally or sufficiently acknowledged; that the plaintiff be permitted to apply to the surrogate of the county of Onondaga to prove and establish the said last will and testament of the said James P. Haskin, deceased, as it stood on the said 16th day of January, 1871, the day it bears date, without the said pretended codicil, and with the said three clauses purporting to have been destroyed, restored as a part or parts of said last will and testament, and for other and further relief.

*Fuller & Vann*, for the appellant. The statute directly confers jurisdiction upon a court of equity to grant the relief asked for in this bill — upon the production, of course, of the necessary proof. Section 63 *b* of the statute reads : "Whenever any will of real or personal estate shall be lost or destroyed by accident or design, the Court of Chancery shall have the same power to take proof of the execution and validity of such will, and to establish the same, as in the case of lost deeds." Section 64 *b* reads : "Upon such will being established by the decree of a competent court, such decree shall be recorded by the surrogate, before whom the will might have been

proved, if not lost or destroyed, and letters testamentary, or of administration with the will annexed, shall be issued thereon by him, in the same manner as upon wills duly proved before him." (See, also, sections 65 *b*, 66 *b*, 67 *b*, and 68 *b* of the same statute.) Chapter 238 of the Laws of 1853 (4 R. S. [Edm. ed.], 503), provides: "That the validity of any actual or alleged devise or will of real estate may be determined by the Supreme Court in a proper action for that purpose," etc. Thus, whatever may have been the remedy in such cases before the statute, this court now has jurisdiction : 1st. To declare that codicil void. 2d. To establish the three clauses purporting to have been detached and destroyed. This being done, the surrogate must record the decree, and issue letters as the statute directs. This is the relief prayed for in the complaint.

*D. Pratt,* for the respondents. I. A court of equity has no jurisdiction to set aside a will of personal property, not even for fraud. The surrogate has exclusive jurisdiction in such cases. (*Fisher* v. *Clark,* 1 Paige, 171, 176 ; *Colton* v. *Ross,* 2 id., 396 ; *Kerish* v. *Bransby,* 7 Brown [P. C.], 437 ; Hoff. Ch. R., 10 ; 1 Ves. Sen., 284, 287.)

II. In this case the will has been admitted to probate by the decree of a court not only of competent but of exclusive jurisdiction to hear and determine the same. Until that decree be reversed upon appeal, it is conclusive upon all parties interested. (*Fisher* v. *Clark, supra ; Colton* v. *Ross, supra ; Borgardus* v. *Clark,* 4 Paige, 624 ; *Vanderpool* v. *Van Valkenburgh,* 6 N. Y., 190 ; 3 Barb. Ch., 481 ; Hoff Ch. R., 10 ; 1 Story, 547 ; 12 Mass., 525 ; 1 Pick., 535 ; *Allen* v. *Dundos,* 3 Term R., 125 ; 1 Ves. Sen., 284, 287 ; 7 Bro. P. C., 437.)

III. It is not material that the plaintiff was not made a party to the proceedings before the surrogate. 1. It is in the nature of proceedings *in rem,* to which any person having an interest may make himself a party by applying to the proper tribunal before which the proceedings are had, and will therefore be bound by the decree of such tribunal, although not in fact a party. (*Borgardus* v. *Clark, supra ; Vanderpool* v. *Van Valkenburgh, supra ;* Hoff Ch., 10 ; *Scott* v. *Sherman,* 2 Wm. Black., 977 ; *Hart* v. *McNamara,* 4 Price, 154 note.) 2. A legatee named in the will has a right to

intervene for her interest on the probate of a codicil which revokes the legacy. (*Walsh* v. *Ryan*, 1 Brad., 433; *Terhune* v. *Brookfield*, 1 Red., 220.) (*a.*) One claiming as legatee under an alleged lost or destroyed will of a prior date to that propounded before the surrogate, may be admitted to contest the probate, upon his commencing an action in the Supreme Court to establish there the destroyed will.

IV. This cannot be considered an action to establish a lost or destroyed will, as the complaint sets out a copy of the will. It also alleges that the portion expunged is still in the possession of the executors.

E. DARWIN SMITH, J.:

The demurrer was sustained at Special Term upon the ground that the complaint does not contain facts sufficient to entitle the plaintiff to the relief prayed for in the complaint.

In this I think the learned judge was mistaken. The complaint sets up, and makes out, a case of fraudulent destruction of three clauses of the will of the said James P. Haskins, deceased, and prays, among other things, that such clauses, marked the eleventh, twelfth and thirteenth, be restored and established as part of said will and testament. This court has full power and authority, I think, under sections 42, 63 and 67, title 1, chapter 6, part 2 of the Revised Statutes, to entertain such action, and give such relief, as held in *Timon* v. *Claffy* (45 Barb., 438), and *Voorhis* v. *Voorhis* (50 id., 119), which latter case was affirmed in the Court of Appeals, in 39 New York, 463. (*Vide*, also, *Schultz* v. *Schultz*, 35 id., 656.) The Surrogate's Court had no power to grant such relief. It can only grant letters of probate upon a perfected will, propounded for that purpose. It can take proof respecting its due execution, and has exclusive jurisdiction of that subject in respect to all persons named in the will or interested therein as heirs, legatees or next of kin. But it has no jurisdiction to establish a lost or destroyed will. The plaintiff in this action stood in no such position or relation to the testator as to entitle her to be cited to attend the probate of the said will, and was not, in fact, cited. Section 63 of the statute above referred to, declares that "whenever a will of real or personal estate be lost or destroyed, by accident or design, the Court

of Chancery shall have power to take proof of the execution and validity of such will, and to establish the same as in the case of a lost deed;" and section 64 provides, that "upon such will being established by the decision of a competent court, it shall be recorded by the surrogate before whom it might have been proved if not lost or destroyed," and letters testamentary, with the will annexed, shall be issued thereon by him in the same manner as upon wills duly proved before him. Section 67 provides, that "no such will shall be proved as a lost or destroyed will, unless the same shall be shown to have been in existence at the time of the death of the testator, or be shown to have been fraudulently destroyed in the lifetime of the testator." This is the allegation in the plaintiff's complaint in respect to the three items or clauses of the will stricken out of the same. This statute should have a liberal construction in furtherance of justice and for the prevention of fraud. The destruction of a single item or clause, or distinct portion or provision of a will fraudulently, must be considered as the destruction of a will by design, under section 63, or fraudulent under section 67, if such destruction affects the disposition of the property of the testator in any essential particular.

I have no doubt that this court, under the provisions of the statute aforesaid, has ample power, upon due proof of the allegations of the plaintiff's complaint, to restore the destroyed or suppressed portions of said will, and establish the same as it stood before the making of the codicil, dated and purporting to be executed on the 7th of April, 1872, and that the probate of said codicil already allowed as made by the surrogate does not preclude such investigation and decision, or bind or affect the plaintiff upon such question in the prosecution of this action.

The order sustaining the demurrer in said complaint should be reversed and the said demurrer should be overruled, with leave to the defendants to answer upon the usual terms.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Order sustaining demurrer reversed and demurrer overruled, and leave to answer granted upon the usual terms.